UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, GREGG SMITH, in His Capacity as Business Manager of PAINTERS DISTRICT COUNCIL NO. 58, SAINT LOUIS PAINTERS PENSION TRUST, SAINT LOUIS PAINTERS WELFARE TRUST, SAINT LOUIS PAINTERS VACATION TRUST, and PAINTERS DISTRICT COUNCIL NO. 2 APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST, By and through GREGG SMITH, DAVID DOERR, RICHARD LUCKS, JOSEPH MUELLER, CARL FARRELL, DONALD THOMAS, DANIEL WIENSTROER, MICHAEL SMITH, WALTER BAZAN JR., KYLE LOPEZ, MARK BORGMANN, JOSEPH KEIPP, TIM WEIS and DANE MCGRAW, in Their Representative Capacities as Trustees, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. NO JURY TRIAL |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| XTREME REMODELING AND CONTRACTING LLC, | ) ) ) | |
| and | ) ) | |
| RYAN BURKEEN. | ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

**COUNT I – XTREME REMODELING AND CONTRACTING LLC**

COME NOW Plaintiffs, and for their cause of action against Xtreme Remodeling and Contracting LLC (hereinafter referred to as "Xtreme"), state as follows:

1.      Jurisdiction over this cause of action and the parties is conferred by §§ (a), (b) and (c) of § 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. §

185 and by §§ 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(e)(1) and (f).

2.      Venue in this Court is appropriate by virtue of § 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2).

3.      Plaintiff Painters District Council No. 58 (f/k/a Painters District Council No. 2 and hereinafter "Painters") is a "labor organization" within the meaning of § 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and is an "employee organization" within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4).

4.      Painters maintains its principal offices within this judicial district at 2501 59th Street, St. Louis, Missouri 63110.

5.      The Saint Louis Painters Pension Trust (f/k/a Painters District Council No. 2 Pension Trust and hereinafter "Pension Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

6.      The Pension Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

7.      The Pension Trust is administered within this judicial district in Maryland Heights, St. Louis County, Missouri 63043.

8.      Plaintiffs Gregg Smith, Carl Farrell, Richard Lucks, Daniel Wienstroer, Tim Wies and Kyle Lopez constitute the Joint Board of Trustees of the Pension Trust ("Pension Trustees").

9.      The Pension Trustees are the Plan Sponsor of the Pension Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

10.    The Pension Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Pension Trust.

11.    The Saint Louis Painters Welfare Trust (f/k/a Painters District Council No. 2 Welfare Trust and hereinafter "Welfare Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

12.    The Welfare Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

13.    The Welfare Trust is administered within this judicial district in Maryland Heights, St. Louis County, Missouri 63043.

14.    Plaintiffs Gregg Smith, Joseph Mueller, Carl Farrell, Walter Bazan Jr., Michael Smith and Don Thomas constitute the Joint Board of Trustees of the Welfare Trust ("Welfare Trustees").

15.    The Welfare Trustees are the Plan Sponsor of the Welfare Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

16.    The Welfare Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Welfare Trust.

17.    The Saint Louis Painters Vacation Trust (f/k/a Painters District Council No. 2 Vacation Trust and hereinafter "Vacation Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

18.    The Vacation Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

19.    The Vacation Trust is administered within this judicial district in Maryland Heights, St. Louis County, Missouri 63043.

20.     Plaintiffs Gregg Smith, David Doerr, Carl Farrell, Mark Borgmann, Walter Bazan, Jr., and Joseph Keipp constitute the Joint Board of Trustees of the Vacation Trust ("Vacation Trustees").

21.     The Vacation Trustees are the Plan Sponsor of the Vacation Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

22.     The Vacation Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Vacation Trust.

23.     The Painters District Council No. 2 Apprenticeship and Journeyman Training Trust (hereinafter "Apprenticeship Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

24.     The Apprenticeship Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

25.     The Apprenticeship Trust is administered within this judicial district at 18036 Eads Avenue, Chesterfield, Missouri 63005.

26.     Plaintiffs Gregg Smith, Michael Smith, Joseph Keipp, Carl Farrell, Dane McGraw, and Joseph Mueller constitute the Joint Board of Trustees of the Apprenticeship Trust ("Apprenticeship Trustees").

27.     The Apprenticeship Trustees are the Plan Sponsor of the Apprenticeship Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).

28.     The Apprenticeship Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Apprenticeship Trust.

29.     At all times relevant herein, Xtreme was doing business within the State of Missouri and this judicial district.

4

30.     Xtreme was at all times relevant herein an employer within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and within the meaning of §§ 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

31.     Xtreme is signatory to and/or bound by a collective bargaining agreement (hereinafter "CBA") with the Painters since at least April 2, 2018.

32.     The CBA bound Xtreme to submit fringe benefits, dues remissions, contributions to the Labor Management Cooperation Fund and evidencing hours for each hour worked by its construction employees at the rate and manner specified in the CBA and Trust documents.

33.     Under the terms of the CBA, Xtreme was obligated to make weekly reports and contributions on all covered employees in its employ, showing the number of hours worked and contributions due on its construction employees at the rate and manner specified in the CBA and Trust documents.

34.     Under the terms of the CBA, Xtreme was obligated to make contributions on a weekly basis to the Trusts and the Labor Management Cooperation Fund.

35.     Under the terms of the CBA, Xtreme was obligated to remit lawfully deducted Union dues to the Painters.

36.     The Trusts and the Trustees are third party beneficiaries of the CBA.

37.     Under the terms of the CBA, Xtreme was bound to the Saint Louis Painters Pension Trust and Plan Agreement (hereinafter "Pension Agreement").

38.     Under the terms of the CBA, Xtreme was bound to the Saint Louis Painters Welfare Trust Agreement (hereinafter "Welfare Agreement").

39.     Under the terms of the CBA, Xtreme was bound to the Saint Louis Painters Vacation Plan and Trust Agreement (hereinafter "Vacation Agreement").

5

40.     Under the terms of the CBA, Xtreme was bound to the Painters District Council

No. 2 Apprenticeship and Journeyman Training Trust Agreement (hereinafter "Apprenticeship

Agreement").

41.     Article XXII of the Pension Agreement provides in part:

The Trustees shall further have the right to audit the books of a participating
employer when such is deemed necessary or desirable for the effective
administration of the Trust.

42.     Article XXI of the Welfare Agreement provides in part:

The Trustees shall have the authority to reasonably request of any Employer, and
an Employer, when so reasonably requested, shall furnish to the Trustees such
information, documents and reports as may be necessary in the performance of their
duties under this Agreement and Declaration of Trust.

43.     Article XV of the Vacation Agreement provides in relevant part:

The Trustees shall have the authority to reasonably request of any Employer, and
an Employer when so reasonably requested shall furnish to the Trustees, such
information and reports as may be necessary in the performance of their duties
under this Plan and Trust Agreement.

44.     Article V, § 4, of the Apprenticeship Agreement provides in part as follows:

The Board of Trustees, or any authorized agent or representative of the Trustees,
shall have the right, at all reasonable times during business hours, to enter upon the
premises of any Employer obligated to contribute to the Fund and to examine and
copy such of the books, records, paper and reports of said Employer as may be
necessary to determine the hours of work done and places where done by any
employees and to permit the Trustees to determine whether said Employer is
making payment to the Trust of the amount required by the Collective Bargaining
Agreement with said Employer.

45.     Although demand has been made, Xtreme has failed and refused to file all of the

reports evidencing hours worked.  This conduct is in breach of the CBA and in violation of § 515

of ERISA, 29 U.S.C. § 1145.

6

46.     Although demand has been made, Xtreme has failed and refused to make all the known required contributions and dues remissions.  This conduct is a breach of the Agreement and in violation of § 515 of ERISA, 29 U.S.C. § 1145.

47.     Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Xtreme is liable to Plaintiffs for all unpaid principal amounts.

48.     Pursuant to § 4 of the CBA and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Xtreme is liable for liquidated damages on the unpaid principal amounts.

49.     Pursuant to § 4 of the Agreement, § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and the Plan and Trust agreements referred to above, Xtreme is liable for liquidated damages on amounts it has paid and may pay in an untimely manner.

50.     Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Xtreme is also liable to pay to Plaintiffs the reasonable attorneys' fees, accounting fees and costs incurred by Plaintiffs in connection with this action.

51.     Xtreme, by its breach of the Agreement, is in violation of § 515 of ERISA, 29 U.S.C. § 1145, and breach of the described Plan and Trust agreements, has caused and will continue to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

WHEREFORE, Plaintiffs pray:

(a)     That this Court enter a preliminary injunction requiring Xtreme Remodeling and Contracting LLC, to submit any reports and payments that may become due after the date of such injunction, within seven (7) days after each weekly payroll date;

(b)      That this Court order Xtreme Remodeling and Contracting LLC, to submit all of its books and records to a payroll audit so that Plaintiffs may determine the precise amount of its delinquencies, all in accordance with the Agreement, Trust Agreements, and ERISA;

(c)      That this Court award a judgment for contributions and liquidated damages to Plaintiffs;

(d)      That this Court award a judgment for dues amounts owed to the Plaintiffs;

(e)      That this Court enter its judgment and decree against Xtreme Remodeling and Contracting LLC, for the principal amount of the delinquency together with interest and damages on that amount, all in accordance with the CBAs and ERISA;

(f)      That this Court enter an order compelling Xtreme Remodeling and Contracting LLC, to specifically perform its obligations to pay liquidated damages on principal amounts it has paid late or may in the future pay late;

(g)      That this Court enter an order permanently compelling and enjoining Xtreme Remodeling and Contracting LLC, to submit any and all future reports and payments in a timely fashion under the current or any subsequent CBA to which Painters and Xtreme Remodeling and Contracting LLC, are or may become bound; and

(h)      That this Court enter its judgment and decree against Xtreme Remodeling and Contracting LLC, for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing, and administrative costs, and for such other and further relief as the Court may deem just and proper.

## COUNT II

## RYAN BURKEEN

52.      Plaintiffs restate and reallege all of the above paragraphs as if fully set forth herein.

53.     Ryan Burkeen is a natural person who can be found in Missouri.

54.     Jurisdiction and venue of this cause of action and the parties to it is conferred upon this Court by its privilege of supplemental jurisdiction under 28 U.S.C. § 1367, United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).

55.     On April 2, 2018, Ryan Burkeen at the time he signed the CBA on behalf of Xtreme, signed a document labeled "Personal Guaranty of Payment of Wages, dues Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments" (Hereinafter, the "Guarantee").

56.     The Guarantee reads in pertinent part:

> The undersigned owner(s) of the Company personally guarantee(s) and bind myself/ourselves to the payment of all amounts due the Union, members of the Union employed by the Company, and the Trustees of the various Trust Funds, pursuant to the Collective Bargaining Agreement between the Company and the Union and any subsequent Collective Bargaining Agreement, whether those amounts become due before or after the date of this Guaranty. The owner(s) of the Company also personally guarantee(s) and bind myself/ourselves to the payment of all damages, costs, fees and expenses which the Union, the members of the Union employed by the Company or the Trustees of the Trust Funds may be entitled to recover from the Company pursuant to the Collective Bargaining Agreement or under any local, state, or federal law.

57.     The Painters require new employers who wish to become signatory to the CBA described above to furnish a personal guarantee on wages, dues remissions, fringe benefit contributions and other miscellaneous payments before an employer becomes signatory to the CBA.

58.     Due to the risk of a signatory employer accumulating debt in non-payment to the Painters and its associated Trust Funds, and for the protection of its bargaining unit members, the Painters rely on the existence of the Guarantee to allow employers to become signatory to a CBA.

59.     As stated above, Xtreme is delinquent to the Plaintiffs in an unknown principal amount, as well as liquidated damages, interest, attorneys' fees and costs.

60.     Despite the existence of the Guarantee, Ryan Burkeen, has failed and continues to fail to act under his obligation created by the Guarantee, damaging the Painters and Plaintiffs.

61.     Plaintiffs have performed all conditions precedent the Guarantee requires of them.

WHEREFORE, Plaintiffs pray:

(a)     That this Court enter its judgment and decree against Ryan Burkeen jointly and severally with Xtreme Remodeling and Contracting LLC, for the known principal amount of the delinquency together with interest and damages on that amount, and for any and all amounts discovered by an accounting, all in accordance with the CBA and ERISA;

(b)     That this Court enter an order compelling Ryan Burkeen, jointly and severally with Xtreme Remodeling and Contracting LLC, to specifically perform their obligations to pay liquidated damages on principal amounts Xtreme Remodeling and Contracting LLC has paid late or may in the future pay late;

(c)     That this Court enter an order permanently compelling and enjoining Ryan Burkeen, jointly and severally with Xtreme Remodeling and Contracting LLC, to submit any and all future payments in a timely fashion under the current or any subsequent CBA to which Painters and Xtreme Remodeling and Contracting LLC, are or may become bound if Defendant Xtreme Remodeling and Contracting, LLC, fails to make payments as required by the CBA; and

(d)     That this Court enter its judgment and decree against Ryan Burkeen, jointly and severally with Xtreme Remodeling and Contracting LLC, for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

10

Respectfully submitted,

HARTNETT REYES-JONES, LLC

*/s/* Matthew J. Gierse
MATTHEW J. GIERSE, No. 63828MO
DANIEL J. BRYAR, No. 71815MO
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:    314-531-1131
mgierse@hrjlaw.com
dbryar@hrjlaw.com

Attorneys for Plaintiffs